JAMES MATCHETT, ADMINISTRATOR, ETC., PLAINTIFF-APPELLANT, v. F. C. REINHARDT HOLDING COMPANY, A CORPORATION, DEFENDANT-APPELLEE.

Submitted February 17, 1933—Decided April 28, 1933.

For the plaintiff-appellant, *Carroll J. Stark* (*Peter J. McGinnis*).

For the defendant-appellee, *Edward R. McGlynn.*

The opinion of the court was delivered by

BODINE, J. The plaintiff appeals from a judgment of nonsuit upon the opening. In *Goldmintz* v. *Perth Amboy Beef Co.,* 10 *N. J. Mis. R.* 702 (affirmed 169 February term, 1933,

Court of Errors and Appeals), the Supreme Court in an almost identical case said: "It may fairly be presumed that death was accidental, and possibly it may be presumed that Goldmintz died as the result of a fall through the elevator shaft. But with these presumptions and with the law as thus stated, liability is nevertheless not fastened upon the defendant. Mere theories and inferences do not authorize a verdict in a case of this nature unless they are the only conclusions that can reasonably be drawn from the facts proven. Negligence is a fact which must be shown. It will not be presumed. *McCombe* v. *Public Service Railway Co.,* 95 *N. J. L.* 187. Where the elevator was when Goldmintz fell, what he was doing when he fell, how he fell, can only be guessed; and a guess is not sufficient to hold the defendant to liability." The law there stated applies with equal force to the case under consideration.

The proofs offered to be proved do not indicate how the deceased fell or under what circumstances. He was found severely injured shortly after he had left his home after the noon recess, at the foot of an elevator shaft in the building in which his work was performed. Sometime, possibly before or after his injury, a fellow workman had closed the gate which was open. Another workman later went to the shaft and opened the gate to find out where the elevator was and heard the groans which the deceased was then able to utter. What the deceased was doing, where the elevator was, and how the gate was placed before the occurrence could not be shown. The jury would have to predicate liability on a guess that the elevator was not at the floor level, and also guess that the gate was open and the shaft imperfectly and improperly guarded. The court has said that to be insufficient proof.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 14.

*For reversal*—None.